UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DEMETRIUS HANDLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CAUSE NO. 1:04-CV-426 TS |
| vs. ) | |
| ) | |
| S. S. GLADDING, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Demetrius Handley, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Weiss v. Colley*, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Handley alleges that S.S. Gladding divulged his confidential medical information to a fellow inmate. The Health Insurance Portability and Accountability Act of 1996 (HIPAA), 42 U.S.C. §§ 1320d *et seq.*, governs the privacy of medical information.

> While only a handful of courts have examined whether a private right of action is implied under the HIPAA, each Court has rejected the position. *See O'Donnell v. Blue Cross Blue Shield of Wyo.*, 173 F. Supp. 2d 1176 (D. Wyo. 2001); *Brock v. Provident Am. Ins. Co.*, 144 F. Supp. 2d 652 (N.D. Tex. 2001); *Means v. Indep. Life and Accident Ins. Co.*, 963 F. Supp. 1131 (M.D. Ala. 1997); *Wright v. Combined Ins. Co. of Am.*, 959 F. Supp. 356 (M.D. Miss. 1997). In fact, the most recent opinion to address this question was written by another member of this court. In *Logan v. VA*, 357 F. Supp. 2d 149 (D.D.C. July 28, 2004), after reviewing the HIPAA provisions governing the disclosure of individually identifiable health information, the court concluded that
>
>> Congress enacted HIPAA, in part, to address concerns about the confidentiality of health information, particularly in the era of electronic communication. Section 262 of HIPAA (codified as 42 U.S.C. §§ 1320d to d-8) defines terms and imposes requirements on the Department of Health and Human Services ("HHS"), health plans, and healthcare providers involved in the exchange of health information. HIPAA provides for both civil and criminal penalties to be imposed upon individuals who improperly handle or disclose individually identifiable health information. 42 U.S.C. §§ 1320d-5 to d-6. However, the law specifically indicates that the Secretary of HHS shall pursue the action against an alleged offender, not a private individual.
>
> 357 F.Supp.2d 149, 155. In *Logan*, a government employee attempted to bring an action against the government for allegedly disclosing individually identifiable health information. The Logan court concluded that the HIPAA did not provide for a private right of action and it therefore did not have subject matter jurisdiction over the plaintiff's HIPAA claim. Accordingly, the claim was dismissed pursuant to Rule 12(b)(1).

*Johnson v. Quander*, 2005 U.S. Dist. LEXIS 5020 (D.D.C. March 21, 2005) (online research citations replaced with published volume citations). HIPAA does not provide Mr. Handley with the

2

right to sue S.S. Gladding for divulging his confidential medical information to a fellow inmate. Therefore this case must be dismissed.

Additionally, Mr. Handley filed a petition for leave to proceed *in forma pauperis*. Because this court has already granted him leave to proceed *in forma pauperis* [DE 3] the motion will be denied as moot.

For the foregoing reasons, the court:

(1) **DENIES AS MOOT** the *in forma pauperis* petition [DE 5]; and

(2) **DISMISSES** this case pursuant to 28 U.S.C. §1915A.

SO ORDERED on May 23, 2005.

    S/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT